**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

IN RE ASBESTOS LITIGATION:  **:** **CIVIL ACTION**
             **:**

Charles D. Malone and Elizabeth Malone, **:**
             **:**

  Plaintiffs,        **:**
             **:**

    vs.        **:** **C.A. No.**
             **:**
             **:**
             **:**

**AIR & LIQUID SYSTEMS
CORPORATION** (sued as successor-by- **:**
merger to BUFFALO PUMPS, INC.) **:**
             **:**
    and       **:**
             **:**

**ALFA LAVAL, INC.** (sued individually **:**
and as successor-in-interest to THE **:**
DELAVAL SEPARATOR COMPANY **:**
and as successor-in-interest to  **:**
SHARPLES CORPORATION);  **:**
             **:**
    and       **:**
             **:**

**ARMSTRONG INTERNATIONAL,
INC.;**           **:**
             **:**
    and       **:**
             **:**

**BLACKMER PUMP COMPANY**; **:**
             **:**
    and       **:**
             **:**

**CATERPILLAR, INC.;**   **:**
             **:**
    and       **:**
             **:**

**CBS CORPORATION (a Delaware
Corporation)** f/k/a VIACOM, INC. **:**
(sued as successor-by-merger to CBS **:**
CORPORATION (a Pennsylvania

Corporation) f/k/a WESTINGHOUSE
ELECTRIC CORPORATION);

     and

**CLEAVER-BROOKS, INC.** f/k/a
AQUA-CHEM, INC. d/b/a CLEAVER-
BROOKS DIVISION;

     and

**CRANE CO**.;

     and

**CROWN CORK & SEAL COMPANY,
INC.** (sued individually and as successor-
in-interest to MUNDET CORK
COMPANY);

     and

**CUMMINS, INC.;**

     and

**FLOWSERVE  CORPORATION** f/k/a
THE DURIRON COMPANY, INC.
(sued as successor-by-merger to DURCO
INTERNATIONAL);

     and

**FLOWSERVE US, INC.**  (sued
individually and as successor to
EDWARD VALVE, INC.);

     and

**FMC CORPORATION** (sued
individually and as successor-in-interest
to PEERLESS PUMP COMPANY and as
successor-in-interest to NORTHERN
PUMP COMPANY f/k/a NORTHERN
FIRE APPARATUS COMPANY);

and                                    :
                                       :
**FORD MOTOR COMPANY**;                 :
                                       :
    and             :
                                       :
**FOSTER WHEELER ENERGY**               :
**CORPORATION**;                        :
                                       :
    and             :
                                       :
**GENERAL ELECTRIC COMPANY**;           :
                                       :
    and             :
                                       :
**GENUINE PARTS COMPANY** d/b/a         :
NATIONAL AUTOMOTIVE PARTS               :
ASSOCIATION (aka NAPA);                 :
                                       :
    and             :
                                       :
**HONEYWELL INTERNATIONAL,**            :
**INC.** f/k/a ALLIED-SIGNAL, INC.      :
(sued individually and as successor-in- :
interest to BENDIX CORPORATION);        :
                                       :
    and             :
                                       :
**HOPEMAN BROTHERS INC**.;              :
                                       :
    and             :
                                       :
**HUNTINGTON INGALLS**                  :
**INDUSTRIES, INC.** d/b/a INGALLS      :
SHIPBUILDING;                           :
                                       :
    and             :
                                       :
**IMO INDUSTRIES, INC.** (sued          :
individually and as successor-in-interest :
to DELAVAL TURBINE, INC. and as         :
successor-in-interest to C.H. WHEELER   :
MANUFACTURING COMPANY);                 :
                                       :
    and             :
                                       :
**INGERSOLL RAND COMPANY**

(sued individually and as successor-in-
interest to TERRY STEAM TURBINE
COMPANY);

    and

**JOHN CRANE, INC.**;

    and

**McNALLY INDUSTRIES, LLC** (sued
individually and as successor-in-interest
to NORTHERN FIRE APPARATUS
COMPANY);

    and

**METROPOLITAN LIFE
INSURANCE COMPANY**;

    and

**THE NASH ENGINEERING
COMPANY**;

    and

**PFIZER INC.**;

    and

**PNEUMO ABEX LLC** (sued as
successor-in-interest to ABEX
CORPORATION);

    and

**RILEY POWER, INC.** f/k/a RILEY
STOKER CORPORATION and D.B.
RILEY, INC.;

    and

**STERLING FLUID SYSTEMS (USA),
LLC** f/k/a PEERLESS PUMP CO.;

and                                    :
                                       :
**UNION CARBIDE CORPORATION**;          :
                                       :
and                                    :
                                       :
**VELAN VALVE CORPORATION**;            :
                                       :
and                                    :
                                       :
**VIAD CORPORATION** f/k/a THE          :
DIAL CORPORATION  (sued                :
individually and as successor-in-interest  :
to GRISCOM-RUSSELL COMPANY);           :
                                       :
and                                    :
                                       :
**WARREN PUMPS, LLC**                   :
                                       :
and                                    :
                                       :
**WEIR VALVES & CONTROLS USA,**         :
**INC.** f/k/a ATWOOD & MORRILL;        :
                                       :
and                                    :
                                       :
**THE WILLIAM POWELL**                  :
**COMPANY**;                            :
                                       :
and                                    :
                                       :
**YORK INTERNATIONAL**                  :
**CORPORATION**;                        :
                                       :
and                                    :
                                       :
**ZURN INDUSTRIES, LLC** (sued          :
individually and as successor-in-interest  :
to ZURN INDUSTRIES, INC.);             :

Defendants.
_____

## COMPLAINT

## THE PARTIES

1.      Plaintiffs CHARLES D. MALONE and ELIZABETH MALONE are citizens and residents of the County of Guilford, State of North Carolina.

2.      Upon information and belief, and at all times hereinafter, each of the Defendants was the agent, servant, employee and/or joint venture of its Co-Defendants and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employee and/or joint venture.   For purposes of this complaint, each Defendant hereinafter mentioned shall include the present business entity, as well as all of its predecessor corporations and entities as applicable.   Upon information and belief, each Defendant inclusive: (a) was and is an individual, corporation, partnership and/or unincorporated association organized and existing under and by virtue of the laws of the State of Delaware, or the laws of some other state or foreign jurisdiction to do business in the State of Delaware; (b) in person or through an agent, transacts business in the State of Delaware; (c) regularly does and/or solicits business within the State of Delaware; (d) derives substantial revenue from goods used or consumed in the State of Delaware; and (e) expected or should have expected their acts to have consequences within the state of Delaware and derive substantial revenue from interstate and/or international commerce. At all relevant times, Defendants designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products or equipment.

3.      Defendant AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.) is a Pennsylvania corporation, whose registered agent for service of process is CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA  17101,

and whose offices are located at 874 Oliver St., North Tonawanda, NY 14120. Defendant AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.) is being sued for Buffalo Pumps.

4.     Defendant ALFA LAVAL, INC. (sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY and as successor-in-interest to SHARPLES CORPORATION) is a New Jersey corporation, whose registered agent for service of process is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, VA  23060, and whose offices are located at 5400 International Trade Dr., Richmond, VA 23231. Defendant ALFA LAVAL, INC. (sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY and as successor-in-interest to SHARPLES CORPORATION) is being sued for DeLaval Purifiers and Sharples Oil Purifiers.

5.     Defendant ARMSTRONG INTERNATIONAL, INC. is a Michigan corporation, who may be served at c/o David Dykstra, 900 Maple St., Three Rivers, MI 49093 and whose offices are located at, 900 Maple St., Three Rivers, MI 49093. Defendant ARMSTRONG INTERNATIONAL, INC. is being sued for Armstrong Steam Traps.

6.     Defendant BLACKMER PUMP COMPANY is a Michigan corporation, who may be served at 1809 Century Ave. SW, Grand Rapids, MI 49503-1530 and whose offices are located at, 1809 Century Ave. SW, Grand Rapids, MI 49503-1530. Defendant BLACKMER PUMP COMPANY is being sued for Blackmer Pumps.

7.     Defendant CATERPILLAR, INC. is a Delaware corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801 and whose offices are located at, 100 NE Adams St, Peoria, IL 61629. Defendant CATERPILLAR, INC. is being sued for Caterpillar Engines.

8.     Defendant CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) is a Delaware corporation, whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and whose offices are located at, 51 W. 52nd St., New York, NY 10019. Defendant CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) is being sued for Westinghouse Turbines, Westinghouse Ship's Service Generators, Westinghouse Pumps, Westinghouse Compressors, and Westinghouse Valves.

9.     Defendant CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION is a Delaware corporation, whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and whose offices are located at, 11950 West Lake Park Dr., Milwaukee, WI 53224. Defendant CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION is being sued for Cleaver-Brooks Boilers.

10.     Defendant CRANE CO. is a Delaware corporation whose registered agent for service of process is, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and whose offices are located at, 100 First Stamford Pl., Stamford, CT 06902. Defendant CRANE CO. is being sued for Crane Valves and Pumps.

11.     Defendant CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY) is a Pennsylvania corporation, whose address for service of process is, 1 Crown Way, Philadelphia, PA 19154-4599 and whose offices

are located at, 1 Crown Way, Philadelphia, PA 19154-4599. Defendant CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY) is being sued for Mundet Block Insulation, Cement, and Pipe Covering.

12.    Defendant CUMMINS, INC. is an Indiana corporation, whose registered agent for service of process is, Corporation Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, IN  46204 and whose offices are located at, 500 Jackson St., Columbus, IN 47201. Defendant CUMMINS, INC. is being sued for Cummins Engines.

13.    Defendant FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY, INC.  (sued as successor-by-merger to DURCO INTERNATIONAL) is a New York corporation, whose registered agent for service of process is,  CT Corporation Service, 1999 Bryan Street, Suite 900, Dallas, TX  75201 and whose offices are located at, 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039. Defendant FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY, INC.  (sued as successor-by-merger to DURCO INTERNATIONAL) is being sued for Durco Pumps and Valves.

14.    Defendant FLOWSERVE US, INC.   (sued individually and as successor to EDWARD VALVE, INC.)  is a Delaware corporation whose registered agent for service of process is, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801 and whose offices are located at, 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039. Defendant FLOWSERVE US, INC.  (sued individually and as successor to EDWARD VALVE, INC.) is being sued for Edward Valves.

15.    Defendant FMC CORPORATION (sued individually and as successor-in-interest to PEERLESS PUMP COMPANY and as successor-in-interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY) is a Delaware corporation,

whose registered agent for service of process is, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801 and whose offices are located at, 1735 Market Street, Philadelphia, PA 19103. Defendant FMC CORPORATION (sued individually and as successor-in-interest to PEERLESS PUMP COMPANY and as successor-in-interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY) is being sued for Northern Pumps and Peerless Pumps.

16. Defendant FORD MOTOR COMPANY is a Delaware corporation, whose registered agent for service of process is, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801 and whose offices are located at, One American Rd., Room 612, Ford World HQ, Dearborn, MI 48126. Defendant FORD MOTOR COMPANY is being sued for asbestos-containing Ford friction products. FORD MOTOR COMPANY specifically designed its braking systems for asbestos-containing brake linings such that no other material could be utilized as brake linings in those systems.

17. Defendant FOSTER WHEELER ENERGY CORPORATION is a Delaware corporation, whose registered agent for service of process is, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801 and whose offices are located at, Perryville Corporate Park, Clinton, NJ 08809-4000. Defendant FOSTER WHEELER ENERGY CORPORATION is being sued for Foster Wheeler Boilers.

18. Defendant GENERAL ELECTRIC COMPANY is a New York corporation, whose registered agent for service of process is, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801 and whose offices are located at, 3135 Easton Turnpike, Fairfield, CT 06431. Defendant GENERAL ELECTRIC COMPANY is being sued for General Electric Turbines and Ship's Service Generators.

19.   Defendant GENUINE PARTS COMPANY d/b/a NATIONAL AUTOMOTIVE PARTS ASSOCIATION (aka NAPA) is a Georgia corporation, whose registered agent for service of process is  The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801 and whose offices are located at, 2999 Circle 75 Parkway Southeast, Atlanta, GA 30339. Defendant GENUINE PARTS COMPANY d/b/a NATIONAL AUTOMOTIVE PARTS ASSOCIATION (aka NAPA) is being sued as a supplier of asbestos-containing friction products.

20.   Defendant HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED-SIGNAL, INC.  (sued individually and as successor-in-interest to BENDIX CORPORATION) is a Delaware corporation, whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and whose offices are located at, 101 Columbia Rd., Morristown, NJ 07962-1057. Defendant HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED-SIGNAL, INC.  (sued individually and as successor-in-interest to BENDIX CORPORATION) is being sued for asbestos-containing Bendix Brakes.

21.   Defendant HOPEMAN BROTHERS INC. is a Virginia corporation, whose registered agent for service of process is CT Corporation Service, 4701 Cox Road, Suite 301, Glen Allen, VA 23060-6802 and whose offices are located at, 435 Essex Ave, Suite 101, Waynesboro, VA  22980. Defendant HOPEMAN BROTHERS INC. is being sued as a supplier of asbestos-containing Marinite and Micarta board.

22.   Defendant HUNTINGTON INGALLS INDUSTRIES, INC. d/b/a INGALLS SHIPBUILDING is a Delaware corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and whose offices are located at, 4101 Washington Avenue, Newport News, VA 23607.

Defendant HUNTINGTON INGALLS INDUSTRIES, INC. d/b/a INGALLS SHIPBUILDING is being sued as a Premises Defendant, owning and operating Ingalls Shipbuilding in Pascagoula, Mississippi.

23.    Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DELAVAL TURBINE, INC. and as successor-in-interest to C.H. WHEELER MANUFACTURING COMPANY) is a Delaware corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801 and whose offices are located at, 3525 Quaker Bridge Road, Suite 912, Hamilton, NJ  08619. Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DELAVAL TURBINE, INC. and as successor-in-interest to C.H. WHEELER MANUFACTURING COMPANY) is being sued for DeLaval Turbines and Generators, and C.H. Wheeler Pumps.

24.    Defendant INGERSOLL RAND COMPANY (sued individually and as successor-in-interest to TERRY STEAM TURBINE COMPANY) is a New Jersey corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801 and whose offices are located at, One Centennial Avenue, Piscataway, NJ 08854. Defendant INGERSOLL RAND COMPANY (sued individually and as successor-in-interest to TERRY STEAM TURBINE COMPANY) is being sued for Ingersoll Rand Pumps and Compressors and Terry Turbines and Pumps.

25.    Defendant JOHN CRANE, INC. is a Delaware corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801 and whose offices are located at, 6400 W. Oakton Street,

Morton Grove, IL 60053-2725. Defendant JOHN CRANE, INC. is being sued for John Crane Gaskets and Packing.

26. Defendant McNALLY INDUSTRIES, LLC (sued individually and as successor-in-interest to NORTHERN FIRE APPARATUS COMPANY) is a Delaware limited liability company, whose registered agent for service of process is National Registered Agents, Inc., 160 Greentree Drive, Suite 1010, Dover, DE 19904 and whose offices are located at, 340 West Benson Ave, Grantsburg, WI 54840. The members of the "LLC" who comprise McNALLY INDUSTRIES, LLC (sued individually and as successor-in-interest to NORTHERN FIRE APPARATUS COMPANY) are Thomas Brunts, who resides in Colorado; Martin W. Maxfield, who resides in Colorado; and Robert S. Levine, who resides in Colorado. Defendant McNALLY INDUSTRIES, LLC (sued individually and as successor-in-interest to NORTHERN FIRE APPARATUS COMPANY) is being sued for Northern Pumps.

27. Defendant METROPOLITAN LIFE INSURANCE COMPANY is a New York corporation, whose registered agent for service of process is c/o Kaiper Wilson, Law Department, 1095 Avenue of the Americas, New York, NY 10036 and whose offices are located at, 1095 Avenue of the Americas, New York, NY 10036. Defendant METROPOLITAN LIFE INSURANCE COMPANY is being sued as a conspiracy defendant.

28. Defendant THE NASH ENGINEERING COMPANY is a Connecticut corporation, whose registered agent for service of process is United States Corporation Company, 50 Weston Street, Hartford, CT 06120-1537 and whose offices are located at, Alta Vista Business Park, 200 Simko Boulevard, Charleroi, PA 15022. Defendant THE NASH ENGINEERING COMPANY is being sued for Nash Pumps.

29.    Defendant PFIZER INC. is a Delaware corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801 and whose offices are located at, 235 East 42nd Street, New York, NY  10017. Defendant PFIZER INC. is being sued as a supplier of asbestos-containing talc.

30.    Defendant PNEUMO ABEX LLC (sued individually and as successor-in-interest to ABEX CORPORATION) is a Delaware limited liability company, whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and whose offices are located at, 3rd Street & Jefferson Ave, Camden, NJ  08104. Pneumo Abex Asbestos Claims Settlement Trust, a resident of Delaware, is the sole member of PNEUMO ABEX LLC (sued individually and as successor-in-interest to ABEX CORPORATION). Defendant PNEUMO ABEX LLC (sued individually and as successor-in-interest to ABEX CORPORATION) is being sued as a supplier of asbestos-containing Abex Brake Linings.

31.    Defendant RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION and D.B. RILEY, INC. is a Massachusetts corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and whose offices are located at, 5 Neponset St., Worcester, MA 01606. Defendant RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION and D.B. RILEY, INC. is being sued for Riley Stoker Boilers.

32.    Defendant STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP CO., is a Delaware limited liability company, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

DE 19801 and whose offices are located at, 2005 Dr. Martin Luther King Jr. St., Indianapolis, IN 46202-1165. Grundfos Holding A/S, a resident of Bjerringbro, Denmark, is the parent company and owner of all stock of STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP CO. Defendant STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP CO. is being sued for Peerless Pumps.

33. Defendant UNION CARBIDE CORPORATION is a New York corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and whose offices are located at, 1254 Enclave Parkway, Houston, TX 77077. Defendant UNION CARBIDE CORPORATION is being sued as a supplier of asbestos fibers.

34. Defendant VELAN VALVE CORPORATION is a Delaware corporation, whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and whose offices are located at, 94 Avenue C, Williston, VT 05495. Defendant VELAN VALVE CORPORATION is being sued for Velan Valves.

35. Defendant VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) is a Delaware corporation, whose registered agent for service of process is CT Corporation System, 2390 E. Camelback Road, Phoenix, AZ 85016 and whose offices are located at, 1850 N. Central Avenue, Suite 800, Phoenix, Arizona 85004-4545. Defendant VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) is being sued for Griscom-Russell Distilling Plants.

36. Defendant WARREN PUMPS, LLC is a Delaware limited liability corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation

Trust Center, 1209 Orange Street, Wilmington, DE 19801 and whose offices are located at 82 Bridges Ave., Warren, MA 01083. The member of the "LLC" who comprises WARREN PUMPS, LLC is Mario Di Domenico, who resides in Connecticut. Defendant WARREN PUMPS, LLC is being sued for Warren Pumps.

37. Defendant WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL is a Massachusetts corporation, who may be served at 29 Old Right Road, Ipswich, MA 01938-1119 and whose offices are located at, 29 Old Right Road, Ipswich, MA 01938-1119. Defendant WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL is being sued for Atwood & Morrill Valves.

38. Defendant THE WILLIAM POWELL COMPANY is an Ohio corporation, whose registered agent for service of process is, D.R. Cowart, 2503 Spring Grove Ave., Cincinnati, OH 45214 and whose offices are located at, 2503 Spring Grove Ave., Cincinnati, OH 45214. Defendant THE WILLIAM POWELL COMPANY is being sued for Powell Valves.

39. Defendant YORK INTERNATIONAL CORPORATION is a Delaware corporation, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and whose offices are located at, 5757 N. Green Bay Ave., Milwaukee, WI 53209. Defendant YORK INTERNATIONAL CORPORATION is being sued for York Compressors.

40. Defendant ZURN INDUSTRIES, LLC (sued individually and as successor-in-interest to ZURN INDUSTRIES, INC.) is a Delaware limited liability company, whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and whose offices are located at, 1801 Pittsburgh Avenue, Erie, PA 16502. The members of the "LLC" who comprise ZURN INDUSTRIES, LLC are Alex

P. Marini, who resides in New Holland, Pennsylvania; Edmond L. Krainski, Sr., who resides in

Fairview, Pennsylvania, and Carol R. Nicolia, who resides in Erie, Pennsylvania.  Defendant ZURN

INDUSTRIES, LLC (sued individually and as successor-in-interest to ZURN INDUSTRIES, INC.)

is being sued for Zurn Boilers.


## JURISDICTION AND VENUE

41.     This court has original jurisdiction over these federal claims pursuant to 28 U.S.C.

§ 1332 because: (a) the matter in controversy exceeds $75,000 exclusive of interest and costs;

and, (b) the matter is between citizens of different states.

42.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or

omissions giving rise to this case occurred within this district, and at least one defendant resides

in this District of Delaware.


## NATURE OF ACTION

43.     As a result of Defendants' wrongful conduct, Plaintiff CHARLES D. MALONE

suffers from mesothelioma, a type of cancer caused by exposure to asbestos.  As a result of his

diagnosis, he has suffered (and will continue to suffer) substantial physical pain, mental anguish,

emotional distress, loss of enjoyment of life, disabilities, and loss of bodily functions.  He has

also incurred, and will incur, substantial medical expenses and other damages associated with the

diagnosis, treatment, and medical course of his cancer.


## FACTUAL BACKGROUND

44.     Plaintiff CHARLES D. MALONE was wrongfully exposed to and inhaled,

ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

    (a)    Plaintiff CHARLES D. MALONE experienced exposure to asbestos-containing products and/or equipment from approximately 1964 to 1982 while working at Ingalls Shipyard in Pascagoula, MS. In 1964, Plaintiff CHARLES D. MALONE was employed as a ship fitter for Ingalls Shipyard in Pascagoula, MS, for approximately 4 months.  From approximately November 1964 until 1972, Plaintiff CHARLES D. MALONE worked for Badham Insulation at Ingalls Shipyard in Pascagoula, MS, as an insulator and later as a general superintendent. From approximately 1972 to 1982, Plaintiff CHARLES D. MALONE experienced exposure to asbestos-containing products and/or equipment while employed as a general superintendent for Frigitemp at Ingalls Shipyard in Pascagoula, MS.  His daily jobs duties, from approximately 1964-1982, required him to work with and/or around asbestos-containing products and/or equipment including, but not limited to, Buffalo Pumps, DeLaval Purifiers, Sharples Oil Purifiers, Armstrong Steam Traps, Blackmer Pumps, Caterpillar Engines, Westinghouse Turbines, Westinghouse Ship's Service Generators, Westinghouse Pumps, Westinghouse Compressors, Westinghouse Valves, Cleaver Brooks Boilers, Crane Valves, Crane Pumps, Mundet Block Insulation, Cement, and Pipe Covering, Cummins Engines, Durco Pumps, Durco Valves, Edward Valves, Northern Pumps, Peerless Pumps, Foster Wheeler Boilers, General Electric Turbines, General Electric Ship's Service Generators, Marinite and Micarta Board, DeLaval Turbines, DeLaval Generators, C.H. Wheeler Pumps, Ingersoll

Rand Pumps, Ingersoll Rand Compressors, Terry Turbines, Terry Pumps, John Crane Gaskets and Packing, Nash Pumps, Riley Stoker Boilers, Velan Valves, Griscom Russell Distilling Plants, Atwood & Morrill Valves, Powell Valves, York Compressors, Warren Pumps and Zurn Boilers. Suppliers of asbestos fibers and/or asbestos-containing talc include, but are not limited to, Pfizer, Inc.

(b)     Plaintiff CHARLES D. MALONE also experienced exposure to asbestos-containing products and/or equipment from approximately the 1960's through 1980's in Lucedale, MS, while performing automotive maintenance work on his personal vehicles. Plaintiff CHARLES D. MALONE removed and/or replaced asbestos-containing friction products including, but not limited to, Abex Brakes, Bendix Brakes, and Ford Brakes. He purchased parts from Napa Auto Parts stores.

Plaintiff CHARLES D. MALONE was exposed to asbestos, asbestos-containing products and/or equipment, products designed to be used with asbestos-containing products and/or equipment, and/or products that foreseeably would be used with asbestos-containing products and/or equipment, which were manufactured, sold, distributed, or installed by the Defendants.

45.     At all times herein set forth, the Defendants' Products and Equipment were being employed in the manner and for the purposes for which they were intended.

46.     Plaintiff CHARLES D. MALONE'S exposure to and inhalation, ingestion or absorption of asbestos fibers emanating from the use of the above mentioned Products and Equipment was completely foreseeable and could or should have been anticipated by the Defendants.

47.     The Defendants knew or should have known that the asbestos fibers contained in their Products and Equipment and/or the products with which their Products and Equipment were designed to be used had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

48.     Plaintiff CHARLES D. MALONE suffers from asbestos-related malignant mesothelioma.  Plaintiff CHARLES D. MALONE was first diagnosed with this disease on or about February 2014, and subsequently thereto, became aware that the same was wrongfully caused. As a result of developing mesothelioma, Plaintiff CHARLES D. MALONE has endured great physical pain and suffering, mental anguish, emotional pain and suffering, and loss of enjoyment of life.   As a result of Defendants' wrongful conduct, Plaintiff CHARLES D. MALONE was required to receive medical treatment to mitigate his asbestos-related mesothelioma, incurring reasonable and necessary costs for medical care, diagnosis, and treatment.   Further, as a result of Defendants' wrongful conduct, Plaintiff CHARLES D. MALONE has incurred a substantial loss of income.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

**(Against All Defendants, Except Metropolitan Life Insurance Company)**

49.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

50.     At all times herein relevant, Defendants had a duty to exercise reasonable care and caution for the safety of Plaintiff CHARLES D. MALONE and others working with and around the Defendants' asbestos-containing products and/or equipment.

51.     The Defendants negligently produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

52.     The Defendants knew or should have known that the asbestos fibers contained in their products and/or equipment had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

53.     As a designer, developer, manufacturer, distributor, supplier, and seller of the above-described asbestos and asbestos-containing products and/or equipment, the Defendants owed a duty to foreseeable users and handlers of said products to use ordinary care in designing, manufacturing, marketing, supplying and selling said products and/or equipment in such a manner as to render them safe for their intended and foreseeable uses.

54.     The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of Plaintiff CHARLES D. MALONE and/or his family members in one or more of the following respects:

   a.     Including asbestos in their products and/or equipment, and using asbestos even though it was foreseeable that persons such as Plaintiff CHARLES D. MALONE and his family members, working with and around them would inhale, ingest or otherwise absorb asbestos;

   b.     Including asbestos in their products and/or equipment, and using asbestos when the Defendants knew or should have known that said asbestos would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

   c.     Including asbestos in their products and/or equipment, and using asbestos when adequate substitutes for the asbestos in them were available;

   d.     Failing to provide any or adequate warnings to persons working with and around their products and/or equipment of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

     e.     Failing to provide any or adequate instructions concerning the safe methods of working with and around the products and/or equipment, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

     f.     Failing to conduct tests on the asbestos-containing products and/or equipment manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as Plaintiff CHARLES D. MALONE and/or his family might be exposed while working with or around their products and/or equipment;

     g.     Designing, manufacturing and selling equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

55.    Defendants' actions, as stated herein, also constituted a conscious and flagrant disregard of the rights and safety of Plaintiff CHARLES D. MALONE and by engaging in such actions, Defendants acted with the necessary malice, fraud, and oppression that justifies holding them liable for punitive damages.

56.    Specifically, Defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice, and gross negligence;

     a.     Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE, by including asbestos in their products and/or equipment, or using asbestos, even though it was completely foreseeable and could or should have been anticipated that persons such as Plaintiff CHARLES D. MALONE and/or his family members working with or around their products and/or equipment, would inhale, ingest or otherwise absorb asbestos;

     b.     Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE, by including asbestos in their products and/or equipment, or using asbestos, when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

     c.     Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE by including asbestos in their products and/or equipment, or using asbestos, when adequate substitutes for the asbestos in

them were available;

d.  Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE by removing any warnings regarding the dangers of asbestos from the packing of asbestos-containing products and/or equipment supplied to persons working with and around the products and/or equipment and using the products and/or equipment in their intended and/or reasonably foreseeable manner;

e.  Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE by failing to provide any or adequate warnings to persons working with and around their products and/or equipment of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

f.  Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE by failing to provide any or adequate instructions concerning the safe methods of working with and around their products and/or equipment, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

g.  Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE by failing to conduct tests on the asbestos-containing products and/or equipment manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as Plaintiff CHARLES D. MALONE and/or his family members might be exposed while working with and around the products and/or equipment;

h.  Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE by failing to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of plaintiff CHARLES D. MALONE, his family members, and other similarly situated;

i.  Intentionally or with gross negligence disregarded the safety of Plaintiff CHARLES D. MALONE by failing to take adequate steps to remedy the above failures, including but not limited to: (1) failure to recall or require removal of asbestos and asbestos products and/or equipment, coupled with; (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe; and, (3) failure to promptly and safely remove the asbestos now in place;

j.  Intentionally or with gross negligence disregarded the safety of Plaintiff

CHARLES D. MALONE by failing to require and/or advise workers and persons such as Plaintiff CHARLES D. MALONE's family members of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home.

57.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of the Defendants, Plaintiff CHARLES D. MALONE was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff CHARLES D. MALONE to develop mesothelioma.  Plaintiff CHARLES D. MALONE has therefore been and will be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced mesothelioma and condition.  Plaintiff CHARLES D. MALONE has also experienced and will experience great physical pain and mental anguish as a result of his asbestos-induced mesothelioma, as well as a substantial loss of income.

## SECOND CAUSE OF ACTION

### STRICT LIABILITY

**(Against All Defendants, Except Metropolitan Life Insurance Company)**

57.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

58.     The Defendants placed their asbestos and asbestos-containing products and/or equipment on the market and knew or should have known they would be used without inspection for defects.

59.     Defendants failed to design, manufacture, market, distribute, supply, and sell asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or

asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses.  By way of example, and not limitation, Defendants:

    a.    Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use of intended purpose of their products was by persons, specifically Plaintiff CHARLES D. MALONE, who worked with and around said products;

    b.    Marketed and sold said products and/or equipment that were in an unreasonably dangerous and defective condition, presenting a hazardous risk to Plaintiff CHARLES D. MALONE's well being;

    c.    Failed to recall or attempt to repair the defective products when Defendants are and have been aware of the propensity of said products and/or equipment to injure Plaintiff CHARLES D. MALONE;

    d.    Failed to properly test said products to ensure that they were reasonably safe for use throughout their lifetime.

60.    Moreover, when Defendants' asbestos and asbestos-containing products and/or equipment left the Defendants' possession and were placed on the market they were defective in that:

    a.    When used in the intended or reasonably foreseeable manner, the products and/or equipment were not reasonably safe for their intended use;

    b.    When used in the intended or reasonably foreseeable manner, the products and/or equipment failed to perform as safely as would be expected by an ordinary user or consumer;

    c.    When used in the intended or reasonably foreseeable manner, the products and/or equipment caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

61.    Defendants violated the requirements of Section 402A of the Restatement of Torts 2d, all of which proximately resulted in Plaintiff CHARLES D. MALONE's asbestos-related mesothelioma.

62. Additionally, although Defendants knew or, in the exercise of ordinary care, should have known that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious, and highly harmful to Plaintiff CHARLES D. MALONE's health, Defendants nonetheless:

a. Failed to advise or warn Plaintiff CHARLES D. MALONE of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos containing products;

b. Failed to provide Plaintiff CHARLES D. MALONE with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if any, to protect Plaintiff CHARLES D. MALONE from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

c. Failed to place any warnings on containers of said asbestos and asbestos-containing products and/or equipment alerting Plaintiff CHARLES D. MALONE of the dangers to his health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

d. Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

63. Defendants' products were also defective due to inadequate warning or instructions during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Plaintiff CHARLES D. MALONE.

64.     As a direct and proximate result of using Defendants' asbestos and asbestos-containing products for the general purposes for which they were designed and intended, Plaintiff CHARLES D. MALONE was exposed to asbestos and was injured as described herein.

65.     Accordingly, Defendants are strictly liable to Plaintiff CHARLES D. MALONE for their failure to warn, and for the defective design and manufacture and/or marketing, distributing, supplying and selling a defective product and/or equipment.

### THIRD CAUSE OF ACTION

### BREACH OF WARRANTY

### (Against All Defendants, Except Metropolitan Life Insurance Company)

66.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

67.     Defendants caused Plaintiff CHARLES D. MALONE's injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos-containing products and/or equipment and raw materials which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Plaintiff CHARLES D. MALONE had a right to rely and did rely.

68.     As a direct and proximate result of the breaches of these warranties, Plaintiff CHARLES D. MALONE was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff CHARLES D. MALONE to develop the aforesaid mesothelioma, which has disabled and disfigured and will disable and disfigure Plaintiff CHARLES D. MALONE; Plaintiff CHARLES D. MALONE was and is compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment

of his asbestos-induced mesothelioma; and, Plaintiff CHARLES D. MALONE has experienced

and will experience great physical pain and mental anguish as a result of his asbestos-induced

mesothelioma and conditions.   Plaintiff CHARLES D. MALONE has incurred and will incur

substantial loss of income.

**FOURTH CAUSE OF ACTION**

**CONSPIRACY**

**(Against Metropolitan Life Insurance Company Only)**

69.    Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered

substantial aid and assistance to the manufacturers of asbestos-containing products and/or

equipment to which Plaintiff CHARLES D. MALONE was exposed, and such assistance by

Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous

asbestos-containing products and/or equipment by such manufacturers which proximately caused

Plaintiff CHARLES D. MALONE's illness, injuries, and disabilities.

70.    In both conducting tests and in publishing their alleged results, METROPOLITAN

LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate

tests of the health effects of asbestos.   METROPOLITAN LIFE also caused to be published

intentionally false, misleading, inaccurate and deceptive information about the health effects of

asbestos exposure.

71.    Plaintiff CHARLES D. MALONE unwittingly but justifiably relied upon the

thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of

which Metropolitan Life published in leading medical journals.

72.    As a direct and proximate contributing result of METROPOLITAN LIFE's

failures to conduct or accurately publish adequate tests or disseminate accurate and truthful

information, after undertaking to do so; (i) the risk of harm to Plaintiff CHARLES D. MALONE

from asbestos exposure was increased, and (ii) Plaintiff CHARLES D. MALONE suffered the

injuries described below.

73.     In failing to test fully and adequately for the adverse health effects from exposure

to asbestos; in delaying the publication of such results; and in falsely editing such results as were

obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote

the sale and distribution of asbestos as a harmless product; and in collaborating with the other

Defendants materially to understate the hazards of asbestos exposure, all for their own profit and

gain, METROPOLITAN LIFE acted recklessly, wantonly, and in calculated disregard for the

welfare of the general public, including Plaintiff CHARLES D. MALONE.

## FIFTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

74.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

herein.

75.     Plaintiffs CHARLES D. MALONE and ELIZABETH MALONE were married on

June 1, 1963, and at all times relevant to this action were, and are now, husband and wife.

76.     Prior to Plaintiff CHARLES D. MALONE's injuries as alleged, he was able and

did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof,

Plaintiff CHARLES D. MALONE has been unable to perform the necessary duties as a spouse

and the work and services usually performed in the care, maintenance, and management of the

family home, and he will be unable to perform such work, service and duties in the future.

77.     As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff CHARLES D. MALONE and as a direct and proximate result of the acts and omissions of the defendants, Plaintiff-Spouse ELIZABETH MALONE has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore Plaintiff-Spouse ELIZABETH MALONE is entitled to damages for her loss of consortium, both past and future.

**SIXTH CAUSE OF ACTION -**
**ALLEGATIONS AGAINST PREMISES DEFENDANT**

78.     Plaintiff CHARLES D. MALONE worked at premises owned and/or controlled by HUNTINGTON INGALLS INDUSTRIES,INC. d/b/a INGALLS SHIPBUILDING (hereinafter "Premise Defendant") at which he was exposed to asbestos products and/or equipment and dust from asbestos products and/or equipment.

79.     While present at premises owned and/or controlled by the Premise Defendant, Plaintiff CHARLES D. MALONE was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by the Premise Defendant who had the responsibility for such.

80.     Plaintiff CHARLES D. MALONE would further show his injuries, and diseases were the result of intentional acts and/or omissions and/or negligence, gross negligence and malice in the use of asbestos at Premise Defendant premises.   Premise Defendant failed to properly remove and/or abate said asbestos at these facilities during the time Plaintiff CHARLES D. MALONE was working there.

81.     Plaintiff CHARLES D. MALONE would show that the Premise Defendant was negligent, grossly negligent and malicious, and committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in mesothelioma from exposure to asbestos.

82.     In particular, Plaintiff CHARLES D. MALONE would show that the Premise Defendant demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of the Plaintiff

CHARLES D. MALONE, and that such intentional acts and omissions proximately caused his disease and injuries.

83.     Specific intentional acts and acts constituting negligence, gross negligence and malice committed by the Premise Defendant that proximately caused Plaintiff CHARLES D. MALONE's injuries, and disease include:

(a)     Failure to provide safe equipment for Plaintiff CHARLES D. MALONE to use;

(b)     Failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite Premise Defendant's knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)     Failure to adequately warn Plaintiff CHARLES D. MALONE of the inherent dangers of asbestos contamination;

(d)     Failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

(e)     Failure to follow and adhere to various states and U.S. Government statutes, regulations and guidelines pertaining to asbestos and the exposure to asbestos of individuals. Such failure constituted negligence per se at a minimum.  Plaintiffs are not making claims for damages under federal law.

84.     Plaintiffs would further show that the Premise Defendant intentionally, knowingly, and/or due to negligence, gross negligence and malice, failed to ensure that individuals such as Plaintiff CHARLES D. MALONE was protected from the inhalation of asbestos and asbestos fibers.  Such actions proximately caused Plaintiff CHARLES D. MALONE's injuries and illness.

85.     Additionally, specific actions or omissions on the part of the Premise Defendant that proximately caused Plaintiff CHARLES D. MALONE's injuries and illness were:

(a)     Attempting to remove asbestos dust in Plaintiff CHARLES D. MALONE's workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

(b)     Failing to provide proper protective gear for individuals exposed to asbestos;

(c)     Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

(d)     Failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

(e)     Failing to adhere to industry safe standards and other established measures to protect workers from harm;

(f)     Failing to adequately warn of the extreme risk of danger of inherent to asbestos exposure.

(g)     Premise Defendant demonstrated such an entire want of care as to establish that its acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff CHARLES D. MALONE.

## PRAYER FOR RELIEF

WHEREFORE**,** Plaintiffs CHARLES D. MALONE and ELIZABETH MALONE, request that the Court enter an order or judgment against the Defendants as follows:

a.     Adjudge and decree that the Defendants have engaged in the conduct alleged herein;

2.     For economic damages in an amount not yet ascertained;

3.     For noneconomic damages in an amount not yet ascertained;

4.     For punitive damages according to proof;

5.     For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

6.     For costs of the proceedings herein;

7.     Any and all such other and further relief that this court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all matters so triable.


**PERRY & SENSOR**


By: /s/ Michael L. Sensor
              Michael L. Sensor, Esquire
              Delaware Bar ID No.  3541
              One Customs House, Suite 560
              P.O. Box 1568
              Wilmington, DE 19899-1568
              Telephone: (302) 655-4482
              Facsimile: (302) 655-4043
              Attorney for Plaintiff


Dated: April 1, 2014



OF COUNSEL:

SIMON GREENSTONE PANATIER BARTLETT, PC
A PROFESSIONAL CORPORATION
3232 McKinney Avenue
Suite 610
Dallas, Texas  75204