**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHARLES D. MALONE and<br>ELIZABETH MALONE, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-406-SLR-SRF |
| | ) | |
| AIR & LIQUID SYSTEMS | ) | |
| CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

Presently before the court in this asbestos-related personal injury action is a motion to dismiss Plaintiff's Complaint, filed by Huntington Ingalls Industries, Inc. ("Defendant" or "HI Industries"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (D.I. 160) HI Industries requests dismissal of all claims and cross-claims with prejudice. (*Id.*) Plaintiffs, Charles and Elizabeth Malone ("Plaintiffs"), do not oppose HI Industries' motion. (D.I. 272) However, Plaintiffs request that the court dismiss HI Industries' motion without prejudice, with each party to bear their own costs. (*Id.*) For the reasons that follow, I recommend that the court convert this Rule 12(b)(6) motion to dismiss to a motion for summary judgment under Rule 56 and allow the Plaintiffs thirty (30) days to submit any opposition to HI Industries' motion.[1]

---

[1] The parties have also filed a joint stipulation and order to indefinitely stay all deadlines for HI Industries to file and serve a pleading or discovery in this action until the resolution of HI Industries' motion to dismiss. (D.I. 304) Given the recommendation, the court will defer entry of an order until the pending motion has been resolved.

## II.    BACKGROUND

Plaintiffs filed this personal injury action against HI Industries and other defendants on April 1, 2014. (D.I. 1) Plaintiffs assert claims including negligence, strict liability, and breach of warranty against HI Industries, as well as a derivative claim for loss of consortium. (D.I. 8, ¶¶ 50-87)

The Complaint alleges Charles D. Malone ("Mr. Malone") experienced exposure to asbestos-containing products and/or equipment from approximately 1964 to 1982, while working at Ingalls Shipyard in Pascagoula, MS. *Id.* at ¶ 45(a). In 1964, for approximately four months, Ingalls Shipyard employed Mr. Malone as a ship fitter. *Id.* Furthermore, from approximately 1964 until 1982, Mr. Malone continued working at the Ingalls Shipyard work site for various independent contractors. *Id.* at ¶ 45 (a)-(b). Plaintiffs allege that Mr. Malone was exposed to asbestos at Ingalls Shipyard, which led to his diagnosis of mesothelioma. *Id.*

HI Industries asserts that Plaintiffs fail to state a claim upon which relief can be granted because they have sued the wrong entity and because they have not and cannot allege any means by which HI Industries could be liable for another entity's alleged activities. (D.I. 161) Namely, HI Industries asserts that it has never done business under the name of "Ingalls Ship Building," which is an unincorporated division of the HI Industries' subsidiary, Huntington Ingalls Incorporated. (D.I. 161 at 4-5; Ex. A, at ¶¶ 5, 7; D.I 8 at ¶ 22) HI Industries maintains it has no legal liability to the Plaintiffs for its subsidiary's conduct solely because of a parent-subsidiary relationship. (D.I. 273 at 3)

Plaintiffs do not oppose HI Industries' motion based upon the representations of HI Industries, as well as their own independent research, that HI Industries is not the proper party. (D.I 272) However, Plaintiffs request the court grant HI Industries' motion to dismiss without

prejudice with each party to bear their own costs. *Id.* Plaintiffs request dismissal without prejudice

so that if needed, they may bring "proper suit" against HI Industries and/or one of its subsidiaries

"in a court with proper jurisdiction" if facts later support an action. *Id.*

HI Industries contends that Plaintiffs are requesting a dismissal without prejudice merely

to avoid a final dismissal of meritless claims because Plaintiffs would not be able to state a

plausible claim against HI Industries in any jurisdiction. (D.I 273 at 3). Furthermore, HI Industries

argues that a dismissal with prejudice as to HI Industries has no impact on whether Plaintiffs can

pursue a claim against an HI Industries subsidiary. *Id.*

## III.   DISCUSSION

### a.  Legal Standard

The court may dismiss a claim for "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations marks omitted). A complaint

does not need detailed factual allegations; however, "a plaintiff's obligation to provide the

'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original)

(citation omitted). In other words, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly*, 550 U.S. at 570).

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court

conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First,

the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). In assessing the plausibility of a claim, the court must "'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). At a minimum, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

### b. Analysis

In reviewing a motion to dismiss, courts generally limit their consideration solely to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). If the parties present matters outside the pleadings on a Rule 12(b)(6) motion to dismiss and the court does not exclude them, "the motion must be treated as one for summary judgment under Rule 56 [and][a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Thus, a court may not consider matters extraneous to the pleadings without converting the motion to dismiss into a Rule 56 motion for summary judgment. *See Pension Benefit Guar.*, 998 F.2d at 1197; *Switlik v. Hardwicke Co.*, 651 F.2d 852, 857 (3d Cir. 1981); *Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir. 2000).

Under a Rule 12(b)(6) motion, the court must accept all factual allegations made by Plaintiffs in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In Plaintiffs' first amended complaint, Plaintiffs aver that HI Industries does business as Ingalls Shipbuilding. (D.I. 8 at ¶ 22) In HI Industries' motion to dismiss, they rely on the affidavit of Mr. Fontaine to directly contradict the averment in Plaintiffs' first amended complaint. (D.I. 161, Ex. A) The sole purpose of the affidavit is to avoid liability as a parent company for the actions of its subsidiary. *Id.* Holding a parent company liable for a subsidiary's conduct "requires piercing the corporate veil, which may be permissible under either of two distinct tests: 1) the alter ego test, or 2) the agency test.[2] *StrikeForce Technologies, Inc. v. PhoneFactor, Inc., 2013 WL 6002850, at \*4 (D. Del. Nov. 13, 2013), as amended (Nov. 14, 2013)* (citing *Ethypharm S.A. France v. Bentley Pharmaceuticals, Inc.*, 388 F.Supp.2d 426, 432 (D. Del. 2005); *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). The affidavit of Mr. Fontaine refutes both the alter ego and agency tests. (D.I. 161, Ex. A) In summary, HI Industries denies any commingling of assets or liabilities and denies any control over the activities of its subsidiary. (*Id.*; D.I. 161 at 2-3)

The court does not consider the affidavit of Mr. Fontaine as integral to, or explicitly relied upon in the complaint. It is extraneous to the pleadings. *See Pension Benefit Guar.*, 998 F.2d at 1197. Reliance upon the affidavit "as background information" as requested by HI Industries shifts

---

[2] Under the alter ego test, a subsidiary may be considered the alter ego of its parent corporation and render the parent liable if two requirements are met: (1) a lack of attention to corporate formalities; and (2) the use of the corporate form would cause fraud or a similar injustice." *StrikeForce Technologies, Inc. v. PhoneFactor, Inc.*, 2013 WL 6002850, at \*4 (D. Del. Nov. 13, 2013), *as amended* (Nov. 14, 2013); *see also Mobil Oil Corp. v. Linear Films, Inc., 718 F. Supp. 260, 268 (D. Del. 1989)*; *Outokumpu Engineering Enters., Inc. v. Kvaerner EnviroPower, Inc.*, 685 A.2d 724, 729 (D. Del. 1996); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458, 1463 (D.Del.1991). Under the agency test, a parent corporation may be held liable for specific actions it directed or authorized the subsidiary to perform. "Under this theory, only the conduct shown to be instigated by the parent may be attributed to the parent." *StrikeForce*, 2013 WL 6002850, at \*5; *see also Mobil Oil Corp.*, 718 F. Supp. at 271.

the analysis from the pleadings to the merits. *See StrikeForce*, 2013 WL 6002850, at *2. The consideration of the affidavit requires the court to convert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also In re Burlington*, 114 F.3d at 1426.[3] When a motion to dismiss is converted into a summary judgment motion, the court must give all parties a reasonable opportunity to present all the material that is pertinent to the pending motion. *L.T. Associates, LLC v. Sussex Cnty. Council*, 2013 WL 3998462, at *6 (D. Del. Aug. 5, 2013) (citing *Rose v. Bartle*, 871 F.2d 331, 341 (3rd Cir.1989)).

## IV.   CONCLUSION

I recommend that the court convert HI Industries' Rule 12(b)(6) motion to a motion for summary judgment under Rule 56. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992). When a conversion takes place, all parties must be given an opportunity to obtain affidavits, declarations, or to take discovery and present materials to the court in support of their positions. *See* Fed. R. Civ. P. 12(d); *see also Rose*, 871 F.2d at 340. Therefore, I recommend that Plaintiffs be given a period of thirty (30) days from the date of this report and recommendation to submit opposition to HI Industries' motion for summary judgment. (D.I, 161 at 2; D.I. 8 at 22) If there are no further submissions pursuant to Rule 56(c), the court will recommend that summary judgment be granted in favor of HI Industries, dismissing them from this action with prejudice. *See* Fed. R. Civ. P. 56(e)(3).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed.

---

[3] When a party presents materials extraneous to the pleadings in support of a Rule 12(b)(6) motion or in opposition thereto, the court has discretion to accept the extraneous materials and convert the motion to one for summary judgment. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992).

R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 14 , 2015

Sherry R. Fallon
United States Magistrate Judge