IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHARLES D. MALONE and )
ELIZABETH MALONE, )
 )
       Plaintiffs, )
 )
       v. ) Civil Action No. 14-406-SLR-SRF
 )
AIR & LIQUID SYSTEMS )
CORPORATION, et al. )
 )
       Defendants. )

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the court in this asbestos related personal injury action are certain individual defendants' motions for summary judgment. The defendants, as indicated in the chart below, each move for summary judgment on the basis of a lack of product identification by the Plaintiffs.

| Defendant | Motion | Doc Nos. |
|---|---|---|
| Air & Liquid Systems Corporation | Motion & Brief in Support of Motion for Summary Judgment | 374 & 375 |
| Armstrong International Inc. | Motion & Brief in Support of Motion for Summary Judgment | 358 & 362 |
| Atwood & Morrill Company Inc. | Motion for Summary Judgment and Memorandum in Support Thereof | 345 |
| Blackmer Pump Company | Motion & Brief in Support of Motion for Summary Judgment | 343 & 344 |
| Crown Cork & Seal Company Inc. | Motion & Memorandum in Support of Motion for Summary Judgment | 360 & 361 |
| Flowserve US Inc. | Motion & Memorandum in Support of Motion for Summary Judgment | 349 & 350 |
| The Nash Engineering Company | Motion for Summary Judgment and Memorandum in Support Thereof | 347 |
| Trane US Inc. | Motion & Brief in Support of Motion for Summary Judgment | 363 & 364 |

1

| The William Powell Company | Motion & Brief in Support of Motion for Summary Judgment | 341 & 342 |

On April 17, 2015, Charles D. Malone and Elizabeth Malone ("Plaintiffs") filed a Notice (the "Notice") of non-opposition to the foregoing defendants' motions for summary judgment. (D.I. 389) I recommend that the court grant summary judgment and dismiss with prejudice each of the defendants individually, based upon no opposition to the motions, pursuant to Fed. R. Civ. P. 56(e)(3).

## II. BACKGROUND

Plaintiffs filed this personal injury action against defendants on April 1, 2014. (D.I. 1) The Complaint alleges Charles D. Malone ("Mr. Malone") experienced exposure to asbestos-containing products and/or equipment from approximately 1964 to 1982, while working at Ingalls Shipyard in Pascagoula, MS. *Id.* at ¶ 45(a). In 1964, for approximately four months, Ingalls Shipyard employed Mr. Malone as a ship fitter. *Id.* Furthermore, from approximately 1964 until 1982, Mr. Malone continued working at the Ingalls Shipyard work site for various independent contractors. *Id.* at ¶ 45 (a)-(b). Plaintiffs allege that Mr. Malone was exposed to asbestos at Ingalls Shipyard, which led to his diagnosis of mesothelioma. *Id.*

Fact discovery relating to product identification closed on March 13, 2015, followed by deadlines for filing dispositive motions and opening briefs on March 31, 2015.[1] (D.I. 186)

## III. DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] The original deadline of March 31, 2015 in the scheduling order (D.I. 186), was extended for certain defendants' pursuant to stipulations of the parties.

2

56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). However, the existence of some evidence in support of the nonmoving party may not be sufficient to deny a motion for summary judgment. Rather, there must be enough evidence to enable a jury reasonably to find for the nonmoving party on the issue. *See Anderson*, 477 U.S. at 249.

In this case, defendants have each filed separate motions seeking summary judgment in their favor. (D.I. 374; 358; 345; 343; 360; 349; 347; 363; 341) Having been given an adequate opportunity to engage in fact discovery to create a record on product identification, Plaintiffs have noticed their intent not to oppose the motions of certain defendants as indicated in the preceding chart. Therefore, Fed. R. Civ. P. 56(e)(3) permits the court to recommend dismissal of each moving defendant, with prejudice.

### IV. CONCLUSION

I recommend that the court grant summary judgment in favor of the following defendants and dismiss each defendant with prejudice, as fact discovery is closed and there is no opposition by the Plaintiffs.

| Defendant | Motion | Doc Nos. |
|---|---|---|
| Air & Liquid Systems Corporation | Motion & Brief in Support of Motion for Summary Judgment | 374 & 375 |
| Armstrong International Inc. | Motion & Brief in Support of Motion for Summary Judgment | 358 & 362 |
| Atwood & Morrill Company Inc. | Motion for Summary Judgment and Memorandum in Support Thereof | 345 |
| Blackmer Pump Company | Motion & Brief in Support of Motion for Summary Judgment | 343 & 344 |
| Crown Cork & Seal Company Inc. | Motion & Memorandum in Support of Motion for Summary Judgment | 360 & 361 |
| Flowserve US Inc. | Motion & Memorandum in Support of Motion for Summary Judgment | 349 & 350 |
| The Nash Engineering Company | Motion for Summary Judgment and Memorandum in Support Thereof | 347 |
| Trane US Inc. | Motion & Brief in Support of Motion for Summary Judgment | 363 & 364 |
| The William Powell Company | Motion & Brief in Support of Motion for Summary Judgment | 341 & 342 |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 24, 2015

                                                          Sherry R. Fallon
                                                          United States Magistrate Judge